IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| DERRICK THURMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) No. 12-2709-JDT-tmp |
| | ) |
| MICHAEL W. BOYD LAW FIRM, et al., | ) |
| | ) |
| Defendants. | ) |

ORDER GRANTING MOTION TO DISMISS OF
DEFENDANT MICHAEL W. BOYD LAW FIRM
AND DENYING PLAINTIFF'S MOTIONS FOR JURY TRIAL AS MOOT

Plaintiff Derrick Thurman filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants Michael W. Boyd Law Firm, Bankruptcy Trustee Locke D. Barkley, and GM Financial violated his civil rights in connection with his Chapter 13 bankruptcy. On January 11, 2013, the court granted the motion to dismiss of Defendant AmeriCredit Financial Services Inc., d/b/a GM Financial [DE# 24], and, on February 25, 2013, Locke D. Barkley was dismissed as a defendant [DE# 32].

Defendant Michael W. Boyd Law Firm has filed a motion to dismiss or, in the alternative, motion to transfer venue [DE# 28]. Plaintiff has not responded to the motion. For the reasons set forth below, Defendant's motion to dismiss is GRANTED. Plaintiff's motions for a jury trial [DE#s 22, 27] are DENIED as moot.

Defendant contends that the complaint should be dismissed because this court is not

the proper venue for the action and the complaint fails to state a claim upon which relief may be granted. In the alternative, Defendant asks the court to transfer the action to the United States District Court for the Northern District of Mississippi pursuant to 28 U.S.C. § 1406(a).

Defendant has presented the following statement of unrefuted facts. Plaintiff filed a pro se complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Western District of Tennessee. Plaintiff resides in the state of Mississippi. Defendant Michael W. Boyd Law Firm is a non-entity. Michael W. Boyd, Attorney at Law, P.A., has offices located in Greenville, Mississippi, and Southaven, Mississippi. Trustee Locke D. Barkley is a resident of Jackson, Mississippi.

Plaintiff filed for Chapter 13 bankruptcy protection in 2008 and was represented by Attorney Michael W. Boyd. Plaintiff listed a car valued at $30,000 and a truck valued at $16,000 as assets in his bankruptcy petition. As part of his bankruptcy plan, Plaintiff agreed to have $650 deducted from his bi-weekly paychecks for a period of five years, totaling $78,000.

Plaintiff called his employer's payroll department and inquired as to where his last payment was sent and was unable to get an answer. Plaintiff alleges that he paid nearly $80,000, still owed additional money, and was told by an unnamed party that he had still not paid off all of his debts.

Plaintiff then requested that the deductions from his paychecks cease, and the unnamed party complied with that request. As a result of his subsequent nonpayment, Plaintiff's truck was repossessed. When Plaintiff called to inquire what amount remained on

the truck, he was told that $9,000 was outstanding. Plaintiff also called the Michael W. Boyd Law Firm and was informed by an unnamed party that there were additional bills to which Plaintiff was previously unaware that were paid with his funds.

In his complaint, Plaintiff alleges that his civil rights have been violated, and he seeks the return of his vehicle, along with discovery of where his payments were applied and an injunction to prevent the repossession of another car.

Defendant moves to dismiss the complaint for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). In reviewing a Rule 12(b)(3) motion to dismiss for improper venue, "the court may examine facts outside of the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff." Receiver of the Assets of Mid–Am. Energy, Inc. v. Coffman, 719 F. Supp.2d 884, 890 (M.D. Tenn. 2010). If the court determines that venue is improper, it must either dismiss the case or, if it is in the interest of justice, transfer it to a district where venue is proper. 28 U.S.C. § 1406. The burden of establishing venue falls on the plaintiff. See 14D Charles Alan Wright, et al., *Federal Practice and Procedure*, § 3826 (3d ed. 2012) (noting that the position "that probably represents the weight of judicial authority, is that, when an objection has been raised, the burden is on the plaintiff to establish that the district he or she has chosen is a proper venue"). See also Gone To The Beach, LLC v. Choicepoint Servs., Inc., 434 F. Supp.2d 534, 536-37 (W.D. Tenn. 2006) (On a 12(b)(3) motion to dismiss, "the plaintiff bears the burden of proving that venue is proper.")

In the present case, the court agrees with Defendant that Plaintiff filed this action in the wrong forum. "Venue is proper in the Western District of Tennessee if [the] action

satisfies the requirements of the general venue statute, 28 U.S.C. § 1391." Gone to the Beach, LLC, 434 F. Supp.2d at 537. When jurisdiction is founded on a question of federal law, as here, venue lies in:

> (1) A judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) If there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

U.S. v. Gonzales & Gonzales Bonds and Ins. Agency, 677 F. Supp.2d 987, 990 (W.D. Tenn. 2012). "[V]enue is proper under § 1391 in any forum with a substantial connection to Plaintiff's claim." Gone to the Beach, LLC, 434 F. Supp.2d at 538.

Plaintiff is a resident of and is domiciled in the state of Mississippi. Assuming for the purpose of deciding this motion only that Defendant Michael W. Boyd Law Firm is an entity, its principal place of business is in Mississippi. Trustee Locke D. Barkley is a resident of the State of Mississippi. And, AmeriCredit Financial Services Inc., d/b/a GM Financial, is a Delaware corporation with its principal place of business located in Fort Worth, Texas. As neither Plaintiff nor any Defendant reside in this judicial district, Plaintiff cannot satisfy the venue requirements of 28 U.S.C. § 1391(1).

Venue is also improper under 28 U.S.C. § 1391(2) because the events giving rise to the claims are based on a bankruptcy that was filed in the Northern District of Mississippi and the interactions between Plaintiff and Defendants occurred in Mississippi. Moreover,

4

Plaintiff does not allege that any actions or events occurred in the state of Tennessee. Thus, there is no "substantial connection" between this venue and the Plaintiff's claims, and Plaintiff cannot satisfy the venue requirements of 28 U.S.C. § 1391(2).

Finally, Plaintiff cannot rely on 28 U.S.C. § 1391(3) because he could have brought his claims in the United States District Court for the Northern District of Mississippi. Therefore, Plaintiff cannot satisfy the venue requirements of 28 U.S.C. § 1391(3), and venue is improper.

"If a case is filed in a district court in which venue is not proper, the court shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." U.S. v. Gonzales, 677 F. Supp.2d at 991 (citing 28 U.S.C. § 1406(a).) District courts possess "broad discretion in deciding whether to transfer venue, and the party seeking a transfer under § 1404(a) bears the burden of demonstrating by a preponderance of the evidence that the transfer to another district is warranted." Id. "To that end the court may examine facts outside the complaint, but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff." Id.

In considering a request to transfer venue under § 1404(a), "the threshold consideration is whether the action is one which could have originally been brought in the proposed transferee district." Id. at 992. "This generally means that the plaintiff has to have had the right to bring its case in the transferee district, which would require proper venue and personal jurisdiction over the defendants in the transferee district." Id.

The interests of justice do not militate in favor of a transfer because the complaint is

5

also subject to dismissal under Fed. R. Civ. P. 12(b)(6). The Supreme Court has clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion to dismiss in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The Twombly Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations and quotation marks omitted). Although a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true. Id. To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory. Id. at 556. Indeed, "a wellpleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." Id. However, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

Here, Plaintiff has failed to state a claim that would entitle him to relief. Plaintiff has not alleged any facts that show how the repossession of his truck, based on his own instructions to stop all deductions from his paychecks, constitutes a violation of his civil rights pursuant to 42 U.S.C. § 1983. Furthermore, § 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights "under color" of state law. 42 U.S.C. § 1983. Anyone whose conduct is "fairly attributable to the state" can be sued as a state actor under § 1983. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). Defendant is not a government actor and did not act under color of law; therefore, Plaintiff

has failed to state a claim under § 1983.

Moreover, Plaintiff does not allege that Defendant committed any wrongdoing connected to the payment plan organized pursuant to bankruptcy, nor does he allege any civil rights violations under § 1983. Even accepting all of Plaintiff's allegation as true, he has not stated a basis for any relief. Therefore, the motion to dismiss of Defendant Michael W. Boyd Law Firm is GRANTED.

The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE